Filed 4/25/14  P. v. McCoy CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D063775 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCD236179) |
| CATHERINE R. MCCOY, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of San Diego County, Jeffrey F. Fraser, Judge.  Affirmed with directions.

Patricia A. Scott, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, A. Natasha Cortina and Kristen Kinnaird Chenelia, Deputy Attorneys General, for Plaintiff and Respondent.

After two jury trials, Catherine R. McCoy was convicted of forcible rape with a foreign object (count 1; Pen. Code,[1] § 289, subd. (a)), kidnapping (count 2; § 207, subd. (a)), assault with a deadly weapon (count 3; § 245, subd. (a)(1)) and making a criminal threat (count 4; § 422). In connection with count 1 the jury also found true allegations that the rape was in concert (§ 264.1, subd. (a)), that McCoy was personally armed with a deadly weapon (§§ 667.61, subds. (b), (c), (e); 12022.3, subd. (a)), that the crime was committed while kidnapping the victim (§ 667.61, subds. (b), (c), (e)), and that the movement of the victim substantially increased the risk of harm to the victim (§ 667.61, subd. (d)(2)).

The court sentenced McCoy to an indeterminate term of 35 years to life, consisting of 25 years to life for the rape conviction plus 10 years for the weapon enhancement. The court stayed the sentence for count 2 pursuant to section 654 and imposed a concurrent three-year term for the assault in count 3 and a concurrent two-year term for the criminal threat conviction in count 4.

McCoy appeals challenging only the concurrent sentence imposed for count 4. McCoy contends the sentence for that count should have been stayed pursuant to section 654. She also contends, and the People agree, there is a clerical error in the abstract of judgment. We will conclude the record supports the trial court's decision that the criminal threats in count 4 were made pursuant to a separate intent and objective and therefore, even though they occurred during a continuous course of criminal behavior, a

_____

1       All further statutory references are to the Penal Code unless otherwise specified.

separate sentence is authorized under section 654. We will order the abstract of judgment be amended and will affirm the judgment as modified.

STATEMENT OF FACTS

Since McCoy does not challenge either the admissibility or sufficiency of the evidence to support her convictions, we will set forth an abbreviated statement of facts, simply to provide context for the discussion which follows.

The victim in this case, Amber E., was acquainted with McCoy and her significant other, Quentin Peters (Peters), as well as the codefendant in this case Christopher Carera (Carera)[2] and some of their friends. Amber E. had partied with the group and at different times she had sexual relations with Peters, Carera and another man. She had sex with Peters three times and he paid her on one occasion.

McCoy was very jealous of her relationship with Peters and had warned Amber E. to stay away from Peters.

On August 17, 2011, Amber E. was at the house where McCoy had been staying. Amber E. was still at the house when McCoy and Carera arrived. McCoy almost immediately began a confrontation in which she told Amber E. that she was going to kill her. McCoy then punched the victim repeatedly, knocking her to the ground. Carera helped McCoy force the victim into the back of McCoy's Ford Excursion. Carera told the victim he would hurt her if she tried to get away. McCoy then drove the car away with

---

[2]  Carera was tried separately and his case is not before us.

3

the victim in the back seat and Carera in the passenger seat. McCoy then moved to the backseat while Carera drove the car.

In the back seat McCoy told the victim that she knew the victim had engaged in sex with Peters. McCoy told the victim she would kill her. Thereafter McCoy beat the victim with her fists, a flashlight and a golf club and repeatedly tried to choke her.

McCoy then enlisted Carera to tear off the victim's clothes. McCoy continued to beat the victim with the golf club and inserted the handle of the club into the victim's vagina "about seven times."

Ultimately, Carera and McCoy told the victim they would let her live. They dragged her from the car, hit her in the face and kicked her and attempted to throw her down a canyon. They told the victim if she said anything they would kill her. McCoy and Carera then drove away leaving the victim naked along the side of the road.

After the car drove off, Amber E. was able to get assistance from a passing motorist and then from police.

DISCUSSION

I

*SECTION 654*

When the trial court sentenced McCoy, the court stayed the sentence on count 2 (kidnapping) under section 654. The court also found that count 3 (assault) and count 4 (criminal threats) were separate offenses and entitled to be sentenced separately. The court then imposed concurrent sentences for counts 3 and 4. On appeal McCoy

4

challenges the concurrent sentence on count 4, but somewhat inconsistently does not challenge the sentence on count 3.

The trial court found that all of the offenses arose from a single course of conduct, that is threats, beatings, kidnapping and rape, but found the assault and threats arose from separate intents. McCoy contends that the threats made were all part of a single intent and purpose connected with the rape and kidnapping.

Section 654, subdivision (a) provides: "An act or omission that is punishable in different ways by different provisions of law shall be punished under the provision that provides for the longest potential term of imprisonment, but in no case shall the act or omission be punished under more than one provision. An acquittal or conviction and sentence under any one bars a prosecution for the same act or omission under any other."

The courts have interpreted section 654 to bar multiple punishments where a single act violates several statutes, or where there is a course of conduct in which there is only a single intent or purpose. (*People v. Latimer* (1993) 5 Cal.4th 1203, 1208 (*Latimer*).) Whether a course of conduct involves different offenses based on separate intents and objectives is a question of fact for the trial court to determine. On review we determine whether the trial court's decision is supported by substantial evidence. (*People v. Jones* (2002) 103 Cal.App.4th 1139, 1143.)

One of the factors to be considered in determining whether a course of conduct constitutes separately punishable offenses is whether there was an opportunity for the defendant to reflect between the several criminal acts. (*Latimer, supra*, 5 Cal.4th at pp. 1211-1212; *People v. Trotter* (1992) 7 Cal.App.4th 363, 368 (*Trotter*).)

5

By way of example, in *Trotter, supra,* 7 Cal.App.4th 363, the defendant was charged with firing three shots at a police officer who was pursuing him. He fired one shot, and about a minute later fired a second and the third followed in a matter of seconds. (*Id.* at p. 366.) The trial court imposed consecutive sentences for the first two shots and stayed the sentence on the third. (*Id.* at p. 365.) The court in *Trotter* upheld the sentences against a challenge under section 654. The fact there was time to reflect between the several acts supported the trial court's finding of separate intents, even though all of the shots were fired for the general purpose of ending the police pursuit. (*Id.* at p. 368.) *Trotter* was cited with approval in *Latimer, supra*, 5 Cal.4th at pages 1211 to 1212. Multiple crimes are not one transaction where the defendant has a chance to reflect and each offense poses a new risk of harm to the victim. (*People v. Felix* (2001) 92 Cal.App.4th 905, 915.)

In the present case it is clear that McCoy had plenty of opportunity to reflect between the multiple offenses. She threatened the victim at the outset. That was followed by assaults and placing the victim in the vehicle. Next McCoy changed seats in order to conduct further assaults. Then McCoy enlisted the aid of Carera in stripping the victim in order to rape and assault her. When the victim was dumped naked out of the vehicle and again beaten, the last act was to again threaten her if she said anything about the crimes. In our view, the record clearly supports the trial court's finding that both the assault count and the threat count involved separate crimes, with separate intents. Thus, the court could impose separate sentences on each. Section 654 does not bar such sentences.

6

II

*THE ABSTRACT OF JUDGMENT*

The parties agree there is a clerical error in the abstract of judgment. At sentencing the trial court awarded McCoy 602 actual days and 90 days of conduct credit However, although the abstract has a correct total of 692 days, it reflects 90 days actual and 92 days of conduct credits. The superior court must amend the abstract to reflect 602 days of actual custody and 90 days of conduct credit.

DISPOSITION

The superior court is directed to amend the abstract of judgment consistent with this opinion and to forward an amended abstract to the Department of Corrections and Rehabilitation. In all other respects the judgment is affirmed.


HUFFMAN, Acting P. J.

WE CONCUR:


NARES, J.


McINTYRE, J.

7